John Samuel Rice v. Commissioner.
Rice v. Commissioner
Docket No. 38291.
United States Tax Court
1953 Tax Ct. Memo LEXIS 229; 12 T.C.M. (CCH) 596; T.C.M. (RIA) 53192; May 29, 1953
*229 Petitioner was guilty of fraud in failing to file returns for 1944 and 1945 and filed a false and fraudulent return for 1946. E. M. Woolf, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined deficiencies and penalties in the income tax of this taxpayer for the years and in the amounts as follows: 25%
50%
Year
Deficiency
Penalty
Penalty
1944
$ 2,038.09
$509.52
$ 1,019.05
1945
1,714.17
428.54
857.09
1946
30,384.35
15,192.18
Since petitioner's books and records were inadequate for the purpose of determining his income, respondent resorted to the net worth and expenditure method in determining the above deficiencies. At the hearing petitioner was not present in person nor represented by counsel. Whereupon counsel for respondent moved for judgment for non-prosecution for the deficiencies and the 25 per cent penalties in the amounts above appearing. The motion is hereby granted and the deficiencies and the 25 per cent penalties are found in the above amounts. Counsel for respondent, on whom rested the burden of proof of fraud, thereupon proceeded to introduce testimony *230 which demonstrated that this petitioner had large amounts of income which he failed to report for taxation; that he invested in farm properties and in heavy equipment for his contracting business; and had large bank accounts, all evidencing receipt of large sums of money. The proof shows that his net worth increased by many thousands of dollars each year, denoting receipt of income which was not returned for taxation. Petitioner filed no return for either of the years 1944 or 1945. As to the year 1946, the evidence establishes that he filed a false and fraudulent return for that year; was indicted and convicted in U.S. District Court, and was sentenced to a term in the Federal penitentiary. The evidence in this case is clear and convincing that as to the years 1944 and 1945 petitioner fraudulently, and with intent to evade tax, failed to file a return for each of the years. As to the year 1946, the evidence clearly and convindingly shows that petitioner filed a false and fraudulent return with intention to evade tax. Decision will be entered for the respondent.